William C. WOLFE, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 13222.

United States Court of Appeals
Sixth Circuit.

Nov. 13, 1958.

Charles F. Wood (of Greenebaum, Barnett & Wood), Louisville, Ky. (Bernard H. Barnett, A. Robert Doll, Louisville, Ky., of counsel; Greenebaum, Barnett & Wood, Louisville, Ky., on the brief), for appellant.

Frederick B. Ugast, Dept. of Justice, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Joseph M. Howard and Joseph R. Cannon, Washington, D. C., J. Leonard Walker, U. S. Atty., Louisville, Ky., on the brief), for appellee.

Before SIMONS, Chief Judge, and ALLEN and MARTIN, Circuit Judges.

## PER CURIAM.

An indictment in six counts was returned against appellant charging violations of 26 U.S.C. § 145(b). The jury found appellant not guilty under Counts 1, 4 and 6 and guilty under Counts 2, 3 and 5. Counts 2 and 3 charged that appellant willfully and knowingly attempted to evade and defeat income taxes due and owing from the Wolfe Paint & Varnish Company, Inc., hereinafter called the corporation, for the fiscal years ending June 30, 1951 and 1952, respectively. Count 5 charged that appellant willfully and knowingly attempted to evade and defeat personal income taxes owed by him and his wife for the calendar year 1951. Appellant at all times involved was president and principal stockholder of the corporation.

▮ The jury's verdict was supported by ample evidence. The finding that appellant was guilty of causing false and fraudulent income tax returns to be filed by the corporation and also of causing false and fraudulent joint income tax returns to be filed for the calendar year 1951 for himself and his wife, was supported by a detailed stipulation between the parties, by admissions of appellant in open court, by financial records including corporation checks and appellant's personal checks, and by the testimony of numerous disinterested witnesses.

Personal items of appellant's travel and entertainment expenses, excessive in amount, paid for by the corporation and deducted as corporate business expense, caused a large understatement of income by the corporation and a corresponding understatement of personal income by appellant for each of the years covered by Counts 2, 3 and 5 of the indictment. The items wrongly charged to and paid by the corporation as traveling and entertainment expenses included a trip to a football game, a stay at a resort, purchase and installation of a dishwasher in appellant's home, traveling expenses of appellant and his wife on vacation in the Caribbean, upholstering of a divan belonging to appellant, purchase of a television set, and luggage for a gift to one of appellant's relatives. Items furnished at appellant's residence and charged to the corporation included substantial amounts of fuel oil, storm doors and windows, crushed stone for a driveway, alleged repairs, installation of rubber and asphalt tile, construction of a tool house and an additional room on appellant's residence. Corporation employees performing services for appellant in connection with the above items were paid by the corporation.

Cogent evidence was also presented at the trial bearing upon the willful intent of appellant to evade and defeat personal and corporation income taxes. Thus while the corporation bookkeeper ostensibly was regularly furnished by appellant with an account of his personal traveling expenses, it was appellant's custom in connection with such trips to give the bookkeeper a single figure without any itemization whatever. Thereupon the bookkeeper drew a corporation check in

the identical amount to reimburse appellant. The bookkeeper testified that, at the time construction work was done by corporation employees on appellant's property and charged to the corporation, she did not know of the construction. She testified that appellant told her these were business expenses.

An accountant audited the corporation books at regular periods. He observed that evidence to support appellant's claimed travel and entertainment expense was lacking and several times warned appellant to keep a detailed record of such expenses and not to mingle personal with corporation expenditures. These warnings were ignored. A number of substantial items that were questioned by the accountant were also questioned by the Internal Revenue Agent Devereaux, who was conducting the investigation. Appellant falsely stated to the agent that these were items of expense at the plant. At the trial appellant admitted that in explanation of these matters he had lied to the Internal Revenue Agent. A number of witnesses testified that alterations and erasures were made on invoices changing directions as to the place of delivery of materials or other purchases. The changes were such as to make it appear that the invoices covered expenditures at the plant instead of at appellant's residence. Appellant testified that he made one of these alterations after the investigation had started. It was also testified that appellant told an employee of the Stoll Oil Company to charge certain fuel oil to the corporation and not to say anything about it.

Appellant admitted that he had "drawn more traveling expenses than" he "had spent." Speaking of Agent Devereaux's showing appellant the excessive amounts drawn, appellant testified, "I believe he [Devereaux] was right." He said that when he checked the figures "there wasn't too much difference" between Mr. Devereaux's figures ($27,826.50) and his own ($21,397.65). Since the latter figure was appellant's computation of the profit he had made in overstating his traveling and entertainment expenses and took no ac-

count of living expenses, which rightly were included in the calculation of Mr. Devereaux, the discrepancy is even less than indicated by the above figures. Defendant's admission supports the computation of the Internal Revenue Department as to deficiencies determined.

It is unnecessary to discuss appellant's explanations of these statements nor to further itemize the numerous transactions in which materials, purchases and labor delivered to or done for appellant personally were charged to the corporation. Suffice it to say that under appellant's stipulation, his own admissions, under the books and financial records of the corporation, the record of his personal checks, and other substantial evidence, the jury was clearly entitled to render the verdict attacked here. The deficiencies in corporation income taxes were calculated by the government as being $18,765.79 for the fiscal year ended June 30, 1951, and $4,370.83 for the fiscal year ended June 30, 1952. Deficiencies in personal income tax due from appellant and his wife for the calendar year 1951 were calculated to be $20,075.50.

The principal question presented is whether the court erred in excluding the testimony of an accountant, Mr. James Amick, who, in 1955, three years after the last year covered in the prosecution and two years after the investigation was begun, prepared two exhibits, one of corporation income and one of personal income of defendant and his wife (Exhibits 24 and 25, respectively). In these exhibits, which were offered in evidence, the accountant made a theoretical allocation of certain items in controversy, although not covering the admittedly false and excessive expenditures of appellant called business expenses. The allocations seem to have been made with the purpose of showing that a large number of such items should have been treated as capital expenditures instead of business expenses. When the corporation was liquidated in 1955 appellant claims to have bought the corporation assets, including books and records. The accountant stated that in calculating appellant's

gain upon the liquidation certain items were treated by the accountant as capital gains. Thus in effect it is argued that a capital gains tax was paid with reference to the items in question.

As to Exhibit 24, the accountant testified that his treatment of these items, conceded by appellant to have been overpaid, was based on matters "outside this proceeding."

In Exhibit 25, which purports to be an adjustment by the accountant of the net personal income of appellant and his wife, the accountant ignored all of the admitted excessive payments made to appellant for traveling and entertainment expenses, as well as all his personal expenditures paid for and deducted by the corporation. The accountant testified that, when the corporation was liquidated in 1955, the traveling and entertainment payments and appellant's personal expenditures paid for by the corporation were treated by the accountant at that time as "accounts receivable from Mr. Wolfe to the corporation."

The accountant admitted that the corporation books contained no entry listing travel and entertainment expenses of appellant and personal expenditures of appellant paid by the corporation as accounts receivable. The cost of the tool house and the additional room constructed at appellant's residence and charged to the corporation was charged on the corporation books as a business expense. However, the accountant in Exhibit 25 charged these items as capital expenditures and again resorted to matters outside the record in order to calculate the value from depreciated cost.

■■ Appellant contends that the exclusion of these exhibits and the failure to send them to the jury deprived him of his constitutional right to show that the government's calculations were wrong. Since the proffered evidence covered events long after the crimes charged had been committed, if the evidence was admissible the court was vested with a sound discretion to exclude it. United States v. Stoehr, 3 Cir., 196 F.2d 276, 281–283, 33 A.L.R.2d 836, certiorari denied 344 U.S. 826, 73 S.Ct. 28, 97 L.Ed. 643. If this is the rule which should be applied here we are convinced that this discretion was not abused. The accountant had no personal knowledge of the facts, the exhibits were made up from matters outside the record and long after the crimes charged were committed. However, we think that the exhibits were clearly not admissible because they were irrelevant and immaterial. The issues of fact here were not whether the expenditures involved were capital expenditures rather than ordinary and necessary business expenditures. The controlling question of fact was whether the expenditures when made were properly charged to the corporation. If the jury determined that they were not properly charged to the corporation, they then had to determine whether appellant caused them to be entered on the corporation books and to be deducted in the corporation tax returns as business expenses with the intent to evade and defeat the tax, and whether appellant filed false personal income tax returns for himself and his wife, with intent to defraud. It was at no time an issue in the trial whether the expenditures of appellant should have been treated as capital gain. He had not reported the expenditures either as ordinary income or capital gain. Moreover, appellant did not rely upon the accountant's opinion that the expenditures should be charged as capital gain. Hence, the opinion of the accountant was relevant neither upon the question whether appellant did the acts charged, nor upon the question of intent. White v. United States, 5 Cir., 216 F.2d 1, 4. The exhibits were rightly excluded.

■ Other questions may be dealt with more briefly. The amounts paid by the corporation to its president and principal stockholder as reimbursement for ordinary and necessary business expenses, where they were in fact not so incurred, are not deductible by the corporation. These payments constituted income to appellant in the year paid. United States v. Schenck, 2 Cir., 126 F.2d

**162**

702, certiorari denied Moskowitz v. United States, 316 U.S. 705, 62 S.Ct. 1309, 86 L.Ed. 1773; United States v. Lange, 7 Cir., 161 F.2d 699; Lash v. United States, 1 Cir., 221 F.2d 237, certiorari denied 350 U.S. 826, 76 S.Ct. 55, 100 L. Ed. 738. The case of Williams Company, Inc., v. Lambert, 56—2 USTC, Paragraph 9839, is not controlling. That case presented no question of evasion or of avoidance of income tax. Williams v. United States, 5 Cir., 245 F.2d 559.

 Moreover, appellant was required to produce the books of the Wolfe corporation under a subpoena *duces tecum* properly presented, even though he had possession of the books by purchase of the corporation's assets in liquidation. Wilson v. United States, 221 U.S. 361, 31 S.Ct. 538, 55 L.Ed. 771; Wheeler v. United States, 226 U.S. 478, 489, 33 S. Ct. 158, 57 L.Ed. 309; Grant v. United States, 227 U.S. 74, 79, 33 S.Ct. 190, 57 L.Ed. 423, cited with approval in Curcio v. United States, 354 U.S. 118, 122, 77 S.Ct. 1145, 1 L.Ed.2d 1225.

The judgment of the District Court is affirmed.