Stephen **LUMETTA**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 18170.

United States Court of Appeals Eighth Circuit.

June 23, 1966.

Rehearing Denied Aug. 23, 1966.

J. A. Gochenour, St. Louis, Mo., for appellant; Charles R. Cuntz, St. Louis, Mo., on the brief.

Robert J. Koster, Asst. U. S. Atty., St. Louis, Mo., for appellee; Richard D. Fitz-Gibbon, Jr., U. S. Atty., St. Louis, Mo., on the brief.

Before VOGEL, Chief Judge, MEHAFFY, Circuit Judge, and McMANUS, District Judge.

MEHAFFY, Circuit Judge.

Lumetta, president of Stephens Cement Contractors, Inc., (Stephens) appeals from convictions upon each count of a three-count indictment charging the willful failure to file tax returns for Stephens in violation of 26 U.S.C.A. § 7203.[1] Each count alleged a separate offense for the fiscal years ending March 31, 1959, 1960 and 1961. A jury found Lumetta guilty on each count and the court sentenced him to a term of one year for each violation, the sentences to run concurrently. He was also fined $500 on each of the three counts, for a total fine of $1,500.

Lumetta first assigns as error the admission of evidence reflecting the corporation's income for the years involved. A government witness summarized the substantial receipts and disbursements of Stephens for the years in question, using as a basis a schedule prepared from trial testimony, stipulations and exhibits. The summary reflected profits for each year. Summary type of evidence has long been approved. Hoyer v. United States, 223 F.2d 134, 138 (8th Cir. 1955) and cases cited. Lumetta asserts, however, that the existence or amount of net income is not the gist of the offense and for that reason inadmissible. The testimony was admitted as relevant to the issue of whether Lumetta's failure to file was willful. This evidence indicated that Stephens was a going concern dealing in substantial amounts of money and operating at a profit; and that had Lumetta filed a return it would have shown a tax owing to

---

1. 26 U.S.C.A. § 7203

"Any person required under this title to pay any estimated tax or tax, or required by this title or by regulations made under authority thereof to make a return (other than a return required under authority of section 6015 or section 6016), keep any records, or supply any information, who willfully fails to pay such estimated tax or tax, make such return, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 1 year, or both, together with the costs of prosecution."

the government. The aforementioned factors were relevant because of defenses interposed as well as to show Lumetta's willfulness in failing to file the returns. The jury could properly take all of them into consideration in reaching its decision. No case has been cited on the precise question of admissibility of this type evidence in such cases as this and our research has disclosed none but such evidence appears without challenge in a numerosity of cases. E.g. Hellman v. United States, 339 F.2d 36 (5th Cir. 1964). See also United States v. Cirillo, 251 F.2d 638, 639 (3rd Cir. 1957), cert. denied, 356 U.S. 949, 78 S.Ct. 914, 2 L.Ed. 2d 843 (1957); Yarborough v. United States, 230 F.2d 56, 58 (4th Cir. 1956), cert. denied, 351 U.S. 969, 76 S.Ct. 1034, 100 L.Ed. 1487 (1956). We hold, in addition to the necessity here to combat the defenses, that the disputed evidence was proper for the jury's determination of the question of willfulness in failure to file the tax returns.

■ In addition, Lumetta asserts as error the use of the evidence because government witness O'Donnell omitted from the deductible expenses an alleged attorney's fee incurred by Stephens and an alleged salary of $150 per week payable to Lumetta. There is no evidence reflecting the liability for either of these items in Stephens' books and records even though this evidence was available to Lumetta.

Even assuming the evidence would establish that both omitted expenses had in fact been incurred, the result would not change. If the deductions were allowed, the resulting figures would still show substantial receipts and disbursements. The exact amount of profits is not significant and such a slight discrepancy does not result in prejudicial error. See

Fowler v. United States, 352 F.2d 100, 109 (8th Cir. 1965), cert. denied, 383 U.S. 907, 86 S.Ct. 887, 15 L.Ed.2d 663 (1966). See also McKenna v. United States, 232 F.2d 431 (8th Cir. 1956); United States v. Burdick, 221 F.2d 932 (3rd Cir. 1955), cert. denied, 350 U.S. 831, 76 S.Ct. 65, 100 L.Ed. 742 (1955); United States v. Chapman, 168 F.2d 997 (7th Cir. 1948), cert. denied, 335 U.S. 853, 69 S.Ct. 82, 93 L.Ed. 401 (1948); Rose v. United States, 128 F.2d 622 (10th Cir. 1942).

■ Lumetta alleges that it was an error for the trial court to overrule his motion for judgment of acquittal at the close of the government's case.[2] In support of this position Lumetta argues that (1) the government failed to prove willfulness; (2) he was not the person responsible to file the corporate return; and (3) because of the forfeiture of this corporate charter, a return was not necessary.

*Willfulness:*

Much has been said concerning the distinction between "willfulness" as found in § 7203 (misdemeanor) and § 7201 (felony). Spies v. United States, 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418 (1943); United States v. Murdock, 290 U.S. 389, 54 S.Ct. 223, 78 L.Ed. 381 (1933); Edwards v. United States, 321 F.2d 324 (5th Cir. 1963), rev. en banc; Edwards v. United States, 334 F.2d 360 (5th Cir. 1964), cert. denied, 379 U.S. 1000, 85 S. Ct. 721, 13 L.Ed.2d 702 (1965).

■ The resulting concensus imposes upon the government the duty of providing substantial evidence that the failure to file a return was prompted by a bad purpose and without grounds for believing that the failure to file was lawful, as opposed to a careless, thoughtless or inadvertent oversight.[3] The court instruct-

---

2. The government mildly asserts that Lumetta has waived any rights growing out of the denial of this motion as he offered and presented evidence in his own behalf. This would be a valid position had not Lumetta renewed his motion at the close of all the evidence. Gendron v. United States, 295 F.2d 897 (8th Cir. 1961);

McDonough v. United States, 248 F.2d 725 (8th Cir. 1957).

3. Although the trial court's instruction in the case here does not present the issue, we would be hard pressed to exclude from the definition of "willful" "a careless disregard" to obey the law. See Judge

ed the jury that "willful" as used in § 7203 means:

" * * * voluntary, purposeful, deliberate and with the specific intent to do that which the law forbids as distinguished from accidental, inadvertent or negligent."

and that

" * * * the only bad purpose or evil motive which the government must prove in this case is the deliberate intention not to file a return which the defendant knew the law required him to file so that the government would not know the extent of the liability of the corporation."

Several government witnesses and scores of stipulations established substantial receipts and disbursements of Stephens. Lumetta was deeply involved in all of these transactions and was astute enough in corporate affairs to be instrumental in the management of other companies related to Stephens. It would be folly to even suggest that he was unaware Stephens was a going concern. Lumetta signed the return for 1958 and agreed to certain assessments for three prior years. Clearly, there is evidence from which the jury could conclude that Lumetta was aware of the law requiring him to file a return and that his failure to do so was "willful."

Additionally, Lumetta argues that his failure to file returns for the years in question is mitigated by the fact that Stephens allegedly operated at a loss during these periods. Not only do we think the government produced considerable evidence indicating a net profit was in fact made, but prosecution for willful failure to file a return is imposed without regard to existence of a tax liability. Spies v. United States, supra.

Wisdom's dissent in Haner v. United States, 315 F.2d 792, 795 (1963).

4. 26 U.S.C.A. § 6062
"The return of a corporation with respect to income shall be signed by the

*Lumetta's Responsibility:*

Lumetta also alleges that he was not shown to be that "person" responsible for filing the corporate returns.[4] The evidence produced by the government revealed that Lumetta had been president of Stephens from its inception until trial date and had signed the 1958 return and the assessment agreements for 1956, 1957 and 1958, respectively. Lumetta acted for Stephens in filing the Federal Employer's Quarterly return, the Missouri Employer's Wage & Salary Report, and made application for reinstatement of the corporate charter in 1959 and 1962. From 1959 to trial date Lumetta was a major stockholder and was responsible for the daily affairs of running Stephens. There was also substantial evidence that other concerns conducted their business through Lumetta and considered him in control of Stephens. Clearly, there was enough evidence to raise the fact question for the jury that Lumetta was the "person" required by law to file a corporate return. Lumetta's reliance upon United States v. Fago, 162 F.Supp. 125 (W.D.N.Y.1958) is misplaced. While we find no disagreement with the law as expressed in Fago, the facts and circumstances are clearly distinguishable from the case at bar.

*Corporate Status:*

Also, we think there is sufficient evidence to raise the question of whether Stephens possessed sufficient corporate characteristics to be taxable as such. Stephens existed as successor to Vitale Cement Contractors, Inc. until January, 1959, when its charter was forfeited for failure to file certain annual statements with the Missouri Secretary of State. However, Lumetta filed application to rescind the forfeiture order in March, 1959, and Stephens was restored to its old status until January of 1960 when the

president, vice-president, treasurer, assistant treasurer, chief accounting officer or any other officer duly authorized so to act. * * * "

same incident again occurred. This time the corporate status was not restored until January of 1962. In this period during which the charter was forfeited, there were no changes in the method of conducting the day to day operations of the corporation. Stephens maintained its continuity of business activity, had stockholders and a Board of Directors, accepted liabilities and receivables in its corporate name and was operated for the purpose of making a profit.

26 U.S.C.A. § 7701(a) (3) defines "corporation" as including "associations, joint-stock companies, and insurance companies" and, while its status may possibly have changed under Missouri law, its tax status for federal purposes remains the same. Morrissey v. Commissioner, 296 U.S. 344, 56 S.Ct. 289, 80 L.Ed. 263 (1935); Burk-Waggoner Oil Ass'n v. Hopkins, 269 U.S. 110, 46 S.Ct. 48, 70 L.Ed. 183 (1925); Coast Carton Co. v. Commissioner, 149 F.2d 739 (9th Cir. 1945); Crocker v. Commissioner, 84 F.2d 64 (7th Cir. 1936).

Finally, Lumetta challenges the court's Instructions Nos. XIII and XVII.[5]

It is argued that Instruction XIII " * * * allowed the jury to consider, as an offense, the failure to sign the returns." There is no valid basis for this argument as the instruction does nothing more than tell the jury in the language of the statute the persons who shall sign corporate income tax returns. Lumetta was charged in the indictment with being required by law to make an income tax return on behalf of the corporation, and in order to convict, the jury had to find under other instructions of the court that he was a proper person required by law to file the corporate return. In order for the jury to intelligently perform its fact-finding function, it was proper and necessary for the court to instruct the jury as to the persons under law required to sign corporate returns. We know of no better way to instruct the jury than by the plain and simple language of the statute. It is proper practice to employ the language of a statute in an instruction when the statute is composed of clear and simple language. Compare Caldwell v. United States, 338 F.2d 385 (8th Cir. 1964); Williams v. United States, 328 F.2d 256 (8th Cir. 1964), cert. denied, 377 U.S. 969, 84 S.Ct. 1651, 12 L.Ed.2d 739 (1964).

As instruction No. XIII or a similar one was necessary, in view of other instructions, the utilization of such instruction was proper.

Lumetta's attempt to invoke specific objection to Instruction No. XVII

5. Instruction No. XIII

"An income tax return required to be made by a corporation, shall be signed for the corporation by the president, vice-president, treasurer, assistant treasurer, chief accounting officer or any other officer duly authorized to sign such return."

Instruction No. XVII

"As to Count One of the indictment, the Court instructs the jury that if you find and believe from the evidence, beyond a reasonable doubt, that during the fiscal year ending March 31, 1959, the defendant Stephen Lumetta was president of the Stephens Cement Contractors, Inc., a corporation not expressly exempt from tax; that said corporation had its principal place of business in the City of St. Louis, Missouri; that the defendant Stephen Lumetta was the person who had the responsibility and duty to file the Stephens Cement Contractors, Inc., income tax return with the District Director for the Internal Revenue District of St. Louis, Missouri, at St. Louis, Missouri, in the Eastern Division of the Eastern District of Missouri, on or before September 15, 1959, stating specifically the items of the corporation's gross income and the deductions and credits allowed by law for the fiscal year ending March 31, 1959; and further, if you find and believe from the evidence beyond a reasonable doubt that the defendant Stephen Lumetta did willfully and knowingly fail to make such an income tax return on behalf of the Stephens Cement Contractors, Inc., to the said District Director of Internal Revenue or to any other proper officer of the United States, then you should find the defendant Stephen Lumetta guilty as charged in Count One of the indictment, and unless you so find, you shall find the defendant Stephen Lumetta not guilty."

Identical instructions were given for the other two counts.

for the first time on appeal is specifically forbidden by Rule 30 of the Federal Rules of Criminal Procedure, 18 U.S.C.A. Even though we are not required to rule upon the accuracy of this instruction in isolation, we have carefully examined it in light of the trial court's charge as a whole. Franano v. United States, 310 F. 2d 533 (8th Cir. 1962), cert. denied, 373 U.S. 940, 83 S.Ct. 1545, 10 L.Ed.2d 694 (1963); Johnson v. United States, 291 F.2d 150 (8th Cir. 1961), cert. denied, 368 U.S. 880, 82 S.Ct. 130, 7 L.Ed.2d 80 (1961); Segal v United States, 246 F.2d 814 (8th Cir. 1957), cert. denied, 355 U.S. 894, 78 S.Ct. 269, 2 L.Ed.2d 192 (1957). We find that the comprehensive charge was without error and adequately and accurately guided the jury in the protection of Lumetta's rights.

Finding no error, the judgment of conviction is affirmed.