**UNITED STATES of America, Appellee,**

v.

**David C. COHEN, Appellant.**

**No. 72–1755.**

United States Court of Appeals, Eighth Circuit.

Submitted May 16, 1973.

Decided June 29, 1973.

John L. Boeger, St. Louis, Mo., for appellant.

John A. Newton, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before MATTHES, Chief Judge, and MEHAFFY and STEPHENSON, Circuit Judges.

MEHAFFY, Circuit Judge.

Defendant David C. Cohen [1] was convicted of attempting to evade income tax

1. Defendant David Cohen testified in his own behalf, although advised by his counsel not to take the stand. The court advised Cohen that if he did not testify the court would instruct the jury that no inference of any kind could be drawn from his failure to take the stand and also advised him that if he did testify

for the years 1965 and 1966 by filing fraudulent returns in violation of 26 U.S.C. § 7201 and of knowingly subscribing to a false return for the year 1966 in violation of 26 U.S.C. § 7206(1). The sole issue at the trial was whether defendant willfully omitted income which he admittedly received during the tax years involved.

The defendant contends that The Honorable James H. Meredith, Chief Judge, United States District Court for the Eastern District of Missouri, erred in excluding testimony and evidence offered by defendant which corroborated his testimony that he lacked criminal intent and which contradicted testimony of government witnesses. He also contends that the district court erred in permitting the government to introduce evidence of other crimes not alleged in the indictment and documentary evidence which had not been produced by the government for inspection by the defense prior to trial.

For reasons set forth hereafter we affirm.

In January 1962 defendant obtained employment as an insurance agent with Mutual Benefit Life Insurance Company. He was hired at a 55% commission rate by Theron Lemly, a general agent for the company in Memphis, Tennessee. Defendant was given an additional allowance to cover the expenses of maintaining an independent office. During the tax years involved defendant also received a supervisor's allowance or fee. All of the allowances were based on a percentage of commission. The misrepresentation of the dollar amounts of the allowances received by defendant formed the basis of the indictment. The government introduced evidence that the allowances amounted to $7,501.35 in 1965 and $23,082.82 in 1966 and that defendant only reported $1,200.00 in each of the two tax years as income from the allowances. Defendant contended at the trial that he did not willfully omit these allowances from his returns.

The evidence reflects that some of the policies defendant sold were sold to young doctors and dentists under a plan which provided for no immediate premium payment by the insured. Under the plan the insured borrowed money at a bank which was used for the first year's premium. A note was given the bank that was signed by the policyholder, the defendant as endorser, and by Mr. Lemly as guarantor. The bank retained an amount equal to 10% of the premium as a reserve. Defendant contended at the trial that regarding 1965 he reduced his income by the amounts retained by the banks under the doctors' plan. He did this by merely reducing the allowance by the amounts of the reserve accounts before he computed his gross income. However, the total reserves withheld in 1965 as shown by the government were only $633.65 and thus did not account for the difference between the earned allowances and the reported allowances. Defendant's contention regarding 1966 is that he severed his employment with Mutual Benefit in May 1967 before he filed his 1966 return. Defendant was conditionally liable as endorser for the amounts owed the banks by the policyholders and decided to treat the amounts owed as bad debts. Therefore he offset the amounts owed the banks against the allowances in computing his gross receipts for 1966. No policy loan was paid off by defendant in 1966. Defendant's tax forms did not show these computations.

the court would instruct the jury that they would have the right to consider his prior conviction in connection with his credibility only. Cohen chose to testify even though he knew the jury would learn of his prior conviction.

In fact, defendant testified that his given name was David Miller Cohn and that he had been convicted of a felony, "interstate transportation of securities and fraud in the sale of securities" and mail fraud. On cross-examination he stated that in applying for a position as an agent with Mutual Benefit he adopted the name David C. Cohen which was the name of another person. He also adopted that person's social security number and employment history.

*Refusal to permit defendant's evidence.*

Defendant testified that in computing his income for the year 1966 he took into consideration his losses on some of the policies and offset them against the income from allowances in computing his gross income to be entered on the tax returns. He argues however that the trial court erred in refusing to permit defense witnesses to testify that some of the policies lapsed after June 19, 1967, the date on which he filed his 1966 return, and that bank loans for which he was liable as endorser remained unpaid. He contends that the trial court would not permit him to establish that his renewal commissions were actually retained by Lemly and were ultimately used to pay off the bank loans. These offers allegedly went to defendant's lack of criminal intent. Defendant argues that willfulness is an essential element of the offenses and that evidence showing a lack of his willfulness was admissible.

▇ He relies heavily on Haigler v. United States, 172 F.2d 986 (10th Cir. 1949), and United States v. Brown, 411 F.2d 1134 (10th Cir. 1969), and his production and offer of testimony, but a close reading of those cases will readily show that they are clearly distinguishable. In *Haigler*, the trial court sustained objections to defense testimony concerning defendant's understanding of the law applicable to his income tax liability. In reversing the trial court the Tenth Circuit held that the testimony was admissible on the element of intent and it was error to exclude it. The trial court in *Brown* excluded transcripts offered by defendant of a witness' sworn oral testimony taken in two government ex parte investigative proceedings. The substance of the excluded testimony supported the defendant's evidence of his intent. Defendant contended that because of arrangements with his employer he did not think goods, merchandise or services received by him were taxable to him. The excluded testimony corroborated his trial testimony.

Thus, both cases dealt with events or statements showing intent in filing the returns. Both *Haigler* and *Brown* are in accord with and indeed *Brown* quotes with approval from Hoyer v. United States, 223 F.2d 134 (8th Cir. 1955), where we stated:

" . . . evidence on the question of intent, where that is material, may take a wider range than is allowed in support of other issues, otherwise there would often be no means to disclose the purpose of the act charged in which the very gist of the offense may consist." 223 F.2d at 139.

However, *Brown* recognized that "the relevancy of all evidence remains a question for the trial court's discretion." 411 F.2d at 1137. We find that the present case is controlled by Wolfe v. United States, 261 F.2d 158 (6th Cir. 1968), where the court stated:

"Since the proffered evidence covered events long after the crimes charged had been committed, if the evidence was admissible the court was vested with a sound discretion to exclude it." 261 F.2d at 161.

In *Wolfe* two exhibits prepared by an accountant were held to have been properly excluded. The exhibits were based on events and proposed tax treatment which occurred after the tax years involved and in no way reflected the defendant's intent in filing his returns. Examining the allegations in the present case, defendant's offer of proof regarding the experience of loans, *i. e.*, whether they were paid or not, subsequent to June 1967 was properly refused since it did not show defendant's intent when he filed his returns for the 1965 and 1966 tax years. Evidence as to renewal commissions earned in later tax years which may have been retained by Lemly to pay off the loans would not reflect or be evidence of defendant's intent in the filing of his returns for the years involved; hence, it was properly excluded.

▇ Defendant also contends that the trial court erred in not permitting his expert to testify for the purpose of

showing lack of intent that defendant's treatment of deductions was proper. The expert's testimony, which apparently was based on the alleged assignment of renewal commissions, was also properly excluded for the reason that it did not show defendant's intent at the time the 1966 return was filed. *See* Wolfe v. United States, *supra.*

 Defendant complains of the fact that Lemly, a government witness, was permitted to testify as to events that occurred after June 19, 1967. The government correctly points out that Lemly's testimony of which defendant complains came out in part on cross-examination and that part which came out on direct examination involved only the tax years in question. Thus, there was no error.

*Evidence of other crimes and evidence not produced for inspection.*

 Defendant contends that the government was allowed to introduce documents which had not been produced for inspection. The documents were commission reports for 1966 which the government claimed were false and had been given an IRS agent by defendant in the fall of 1968 during the course of the investigation of defendant's 1965 and 1966 returns. Whether or not the documents had been shown to defense counsel prior to trial was disputed in chambers before the trial judge and the matter resolved against defendant. In view of the fact that the government was the prevailing party, "we must, in considering the sufficiency of the evidence to sustain the verdict, view the evidence in a light most favorable to the government." Hoyer v. United States, *supra,* 223 F.2d at 139. We find the trial court's holding, based on crediting the government attorney's recollection and the attorney's method of checking off a list of documents produced, to be supported by substantial evidence.

 Defendant further complains that while his evidence of intent was refused, the government was permitted to introduce the commission statements given to the IRS agent. Defendant contends that these commission statements were evidence of another crime under 26 U.S.C. § 7207, and thus should not have been admitted for that reason. Those statements were a deliberate attempt to conceal the crime and were only produced when the IRS agent attempted to audit defendant's tax returns. The rendering of these statements was an obvious attempt to cover the facts. We hold that the documents had a direct bearing on the question of whether the defendant willfully filed a false return and were admissible. United States v. Wilkins, 385 F.2d 465 (4th Cir. 1967), cert. denied, 390 U.S. 951, 88 S.Ct. 1043, 19 L.Ed.2d 1144 (1968); Hoyer v. United States, *supra.*

We have reviewed defendant's other allegations of error, such as the eliciting on cross-examination by the government of defendant's false job application statements to which there was no objection, and find them to be without merit.

The judgment of conviction is affirmed.