**UNITED STATES of America,**
**Appellee,**

v.

**Thomas Ralph BENGIMINA,**
**Appellant.**

**No. 74–1060.**

United States Court of Appeals,
Eighth Circuit.

Submitted May 14, 1974.

Decided June 17, 1974.

---

Joseph R. Schlozman, Kansas City, Mo., for appellant.

Philip Adams, Atty., Dept. of Justice, Washington, D. C., for appellee.

Before VOGEL, Senior Circuit Judge, and GIBSON and WEBSTER, Circuit Judges.

GIBSON, Circuit Judge.

Thomas Bengimina appeals his conviction of willful failure to file timely income tax returns for 1967, 1968, and 1969 in violation of 26 U.S.C. § 7203.[1] The sole issue presented for our review is whether the trial court erred when it charged the jury that "[d]efendant's conduct is 'willful' if he acted through a careless or reckless disregard of the law."[2] A timely, specific objection to this portion of the charge was made by defendant and renewed in his motion for new trial.

█ Defendant argues that the Court's charge could have allowed the jury to convict him for careless or reckless conduct as opposed to the intentional or deliberate conduct required under § 7203.[3] The Government relies upon a

---

1. 26 U.S.C. § 7203 provides:
   Any person * * * required by this title or by regulations made under authority thereof to make a return * * * who willfully fails to * * * make such return * * * at the time or times required by law or regulations, shall * * * be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 1 year, or both, together with the costs of prosecution.

2. The challenged instruction reads in its entirety:
   The specific intent of willfullness is an essential element of the crime of failure to file an income tax return. The word "willfully" used in connection with this offense means deliberately and intentionally, and without justifiable excuse, or with the wrongful purpose of deliberately intending not to file a return which defendant knew he should have filed, in order to prevent the government from knowing facts material to the determination of tax liability.
   Defendant's conduct is "willful" if he acted through a careless or reckless disregard of the law. It is not "willful" if he acted through negligence, inadvertence or mistake, or due to his good faith misunderstanding of the requirements of the law.
   Except for the challenged sentence, the instruction follows that in 2 E. Devitt & C. Blackmar, Federal Jury Practice and Instructions, § 52.31 (1970).

3. In Vitiello v. United States, 363 F.2d 240 (3rd Cir. 1966), a charge on willfulness under § 7203 that:
   [T]he word is employed to characterize such conduct as marked by a *careless dis-*

footnote to our opinion in Lumetta v. United States, 362 F.2d 644 (8th Cir. 1966) as support for its proposition that "willful" includes a careless disregard of the law.[4] We agree with defendant that the Court's charge erroneously stated the law. Further, we think this error so prejudiced defendant as to require reversal and a remand for a new trial.

██ ██ The Government's reliance on *Lumetta* is misplaced. We there held that the Government in a § 7203 prosecution must prove:

[T]hat the failure to file a return was prompted by a bad purpose and without grounds for believing that the failure to file was lawful, as opposed to a careless, thoughtless or inadvertent oversight.

*Lumetta, supra* at 646.

Further, to the extent that dicta in *Lumetta* indicates that "a careless disregard" may establish willfulness, we think it overruled by the Supreme Court decision in Bishop v. United States, 412 U.S. 346, 93 S.Ct. 2008, 36 L.Ed.2d 941 (1973). *Bishop* clearly establishes that "a careless disregard" cannot be equated with the deliberate and intentional failure to file needed to establish willfulness.

Certiorari was granted in *Bishop* to determine the meaning of "willfully" as used in the tax crime statutes. *Bishop* laid to rest any distinction between "willful" as used in tax-felony cases, *i.e.* 26 U.S.C. §§ 7201 and 7206, and tax-misdemeanor cases, *i. e.* 26 U.S.C. §§ 7203 and 7207. Willful is to have the same meaning in both classes of cases. *Bishop, supra* at 349. This requirement of willfulness has been formulated as:

"[B]ad faith or evil intent," *Murdock*, 290 U.S., at 398, or "evil motive and want of justification in view of all the financial circumstances of the taxpayer," *Spies*, 317 U.S., at 498, or knowledge that the taxpayer "should have reported more income than he did." *Sansone*, 380 U.S., at 353.

Bishop v. United States, *supra* at 360. *See also* United States v. Engle, 458 F. 2d 1017, 1020 (8th Cir. 1972) ; United States v. Lumetta, *supra* at 646.

██ A careless or reckless disregard does not elevate a defendant's conduct to "willful" as that term is employed in § 7203. Rather, "willful" requires that the jury determine that the failure to file was deliberate and intentional. Willful cannot fairly be equated with careless or reckless. The denotation of willful is deliberate and intentional. Its connotations are many, depending to a considerable extent on the context in which the word is used. Careless and reckless are more accurate-

---

regard whether or not one has a right to so do.

  *     *     *     *     *

* * * And by the term *wilfully, as* used in the statute, means with a bad purpose or *without grounds for believing that one's act is lawful or with such a careless disregard whether one has a right so to act.* (emphasis in original).

was held to be plain error of a prejudicial nature requiring reversal.

In Haner v. United States, 315 F.2d 792 (5th Cir. 1963), a portion of the court's charge on willfulness under § 7203 was:

You are further instructed that the word "willful" *as used in this statute* means with a bad purpose, or without ground for believing that one's act is lawful, *or with a careless disregard whether one has the right to so act.* (emphasis in original).

The court concluded this was plain error requiring reversal as "that instruction permitted the jury to convict him for carelessness or inadvertence, contrary to the statutory requirement that the failure to file must be willful." *Haner, supra* at 794.

Judge Wisdom dissented. He argued that "careless disregard" as used in the context of the instructions given could only mean the reckless, irresponsible flouting of the law, and could not be confused by a jury with carelessness in the sense of negligence.

4.   Our note read:

Although the trial court's instruction in the case here does not present the issue, we would be hard pressed to exclude from the definition of "willful" "a careless disregard" to obey the law. See Judge Wisdom's dissent in Haner v. United States, 5 Cir., 315 F.2d 792, 795 (1963).

Lumetta v. United States, *supra* at 646 n. 3.

ly equated with a negligent or inadvertent disregard of the proprieties of any given situation. Thus, while "willful" is not considered the opposite of "careless" and "reckless", the latter do give a contrary connotation to "willful" when used in conjunction with negligence, inadvertence or mistake. These latter terms were used, and properly so, in the Court's charge to distinguish willful conduct from conduct that is not willful, in other words, deliberate and intentional.

It was therefore error for the Court to charge that a "careless or reckless disregard" may be considered willful under § 7203. Having thus determined that the inclusion of "careless and reckless disregard" in the Court's charge was error, we further have determined this error requires reversal due to the prejudicial effect it might have had on the jury.

In considering the correctness of the Court's instructions, we, of course, examine and consider them as a whole, Rowell v. United States, 368 F.2d 957, 960 (8th Cir. 1966). Yet, while the remainder of the Court's charge accurately and fairly stated the law, we are convinced the possible harm to defendant from the incorrect portion was not overcome by the remainder of the instructions.

 The nature of Bengimina's defense was that his failure to file was not willful. He did not dispute the fact that his returns for the years in question were not timely filed; rather, he attempted to demonstrate that he relied on advice given by his accountant not to file his current tax returns while those for previous years were being investigated. Of course, it is for the jury to determine whether this defense would succeed, but as the instructions as given could have allowed the jury to convict for actions falling short of the deliberate and intentional failure to file required by § 7203, his ability to present a defense was prejudiced. *See* United States v. Vitiello, *supra* at 243; Haner v. United States, *supra* at 794.

There was evidence favorable to defendant tending to show that his failure to file was at most careless and ill-advised, and evidence favorable to the Government tending to show his failure was deliberate and intentional, thus "willful". As the jury could have found him guilty under either rationale based upon the Court's charge, we are unable to say whether they chose the correct one.

The judgment of conviction is reversed and the cause is remanded for further proceedings consistent with this opinion.