Henrietta Jacqueline **BELL**, Appellant,

v.

**UNITED STATES of America,**
Appellee (two cases).

Nos. 15721, 15722.

United States Court of Appeals
Eighth Circuit.

Jan. 30, 1958.

E. C. Mogren, St. Paul, Minn., filed brief for appellant.

George E. MacKinnon, U. S. Atty., and Hyam Segell, Asst. U. S. Atty., St. Paul, Minn., filed brief for appellee.

Before SANBORN and VAN OOSTERHOUT, Circuit Judges, and WEBER, District Judge.

VAN OOSTERHOUT, Circuit Judge.

These are appeals by defendant, Henrietta Jacqueline Bell, from judgments entered upon verdicts of a jury finding her guilty of the crimes charged in two indictments which were consolidated for trial. One indictment charged that defendant and Arthur D. McCowan did unlawfully persuade, induce, entice, aid, abet, assist and counsel McCowan's wife, Barbara, to travel by common carrier from Minneapolis, Minnesota, to Waynesville, Missouri, for the purpose of prostitution in violation of 18 U.S.C.A. §§ 2422 and 2. The other indictment charged defendant and McCowan with conspiracy in violation of 18 U.S.C.A. § 371, to commit the unlawful acts set out in the indictment first described, and alleged as overt acts in furtherance of the conspiracy that defendant gave Mrs. McCowan her Waynesville address and that Mr. McCowan placed his wife on the train to commence her interstate journey.

At the close of the Government's evidence and again at the close of all of the evidence, defendant moved for dismissal of each indictment on the ground that the Government had failed to prove the offense charged. The motions are not entitled "motion for acquittal." We shall assume without so deciding that the motions made substantially comply with Rule 29 of the Federal Rules of Criminal Procedure, 18 U.S.C.A. See United States v. Jones, 7 Cir., 174 F.2d 746.

Defendant asserts the court erred in overruling her motions for acquittal.

■ We have carefully read the record. The evidence is extensive and conflicting. No purpose will be served in setting out the evidence in detail. Our duty upon these appeals is to determine whether there is substantial evidence to support the verdicts. We must, of course, view the evidence and permissible inferences arising therefrom in the light most favorable to the Government in whose favor the jury found. Batsell v. United States, 8 Cir., 217 F.2d 257, 259; Cwach v. United States, 8 Cir., 212 F.2d 520, 527.

■ Defendant in her brief states: "There is no question that the complainant [Barbara McCowan] had been a prostitute for many years working for and with her husband * * *. There is no question but what she did go to Waynesville, Missouri, which is close to Camp Wood and we believe that the purpose was to attempt prostitution. * * *"

We accept these concessions as being fully supported by the evidence. The proof of interstate transportation of Barbara McCowan is not disputed. What happened after the victim got to Missouri is immaterial. The offense is complete when there has been transportation of a female in interstate commerce for immoral purposes. Batsell v. United States, supra, 217 F.2d at page

261. Consequently, the only remaining elements of the crimes here charged which we need to consider are whether the defendant induced and enticed Barbara McCowan to make the trip to Missouri and whether defendant conspired with McCowan to commit the offense charged.

The defendant admits that in her earlier years she had been a prostitute, but contends that she has not been engaged in such activities in recent years. There is substantial evidence to support a finding that she was engaged in prostitution at the times here material. It is also undisputed that she spent considerable time at the "Pink Pig" during the summer and fall of 1955. The "Pink Pig" was a tavern at Waynesville, Missouri. Beer and food were served and dancing was permitted. The "Pink Pig" enjoyed a considerable patronage from soldiers stationed at nearby Fort Leonard Wood, particularly immediately after payday. It was off limits for army personnel at times. There is substantial evidence that prostitution was engaged in in the vicinity of the "Pink Pig," although there is evidence to the contrary.

It is established that the defendant and the victim were well acquainted and saw each other frequently in Minneapolis, usually in bars of questionable reputation. Defendant does not deny that she discussed Waynesville and the "Pink Pig" with the victim. In her brief she states, "In fact, the defendant may have given her considerable details of her life down there without thinking anything of it." Defendant, however, emphatically denies that she enticed or induced the victim to make the trip to Waynesville.

The crucial question is whether there is substantial evidence to support a finding that defendant induced the victim to make the trip to Waynesville for the purpose of prostitution. Mr. and Mrs. McCowan both testified that about September 1, 1955, as defendant was about to depart for Waynesville, she urged Barbara McCowan to go with her to Waynesville as a prostitute at the "Pink Pig," and told her that she could make about $700 a week; and that defendant, when advised that Mrs. McCowan could not then go, asked her to come later by train. The McCowans further testified that defendant sought Mr. McCowan's help in getting Mrs. McCowan to make the trip. Defendant admits a conversation with the McCowans at the time and place they state, but denies that she urged or induced the Missouri trip and disclaims any financial interest in the "Pink Pig."

There is substantial evidence in the record to support a finding that the defendant offered the victim profitable employment as a prostitute in Missouri, and that defendant induced the victim to make the trip to Waynesville for such purpose. Mrs. McCowan made the trip to Waynesville about mid-September 1955. Such evidence has been held sufficient to sustain a conviction for Mann Act violation. Cwach v. United States, supra; Schrader v. United States, 8 Cir., 94 F.2d 926.

As to the conspiracy issue, it is clear that Mr. McCowan participated in the conversation and negotiations between the defendant and the victim. McCowan, after relating what defendant had said, testified, "Well, she asked would it be all right with me. I said yes. We agreed to that." There is evidence from which the jury could find that McCowan shared in the earnings of his wife as a prostitute, and exercised some supervision over her activities. There is seldom direct proof of the agreement underlying an unlawful conspiracy. In Marx v. United States, 8 Cir., 86 F.2d 245, at page 250, the court says:

" * * * True, the proof does not show a formal agreement between the parties, but it is sufficient that the minds of the parties met understandingly so as to bring about an independent and deliberate agreement, and we have held that a mutual implied understanding is sufficient. If there is a concert of design, it is not essential that there be a participation by each conspirator

in every detail of its execution. A conspiracy may be proved and in fact is usually proved by circumstantial evidence, and overt acts of the parties with other attending circumstances may be considered in determining whether a conspiracy exists. * * *"

■ We are satisfied that there is substantial evidence to support the charge made in each indictment and that accordingly the court committed no error in overruling the motions for judgment of acquittal.

■ Defendant, in ten points contained on four pages of her brief, contends the trial court erred in various rulings on the admissibility of evidence. Rule 11(b) of the Rules of this Court, 28 U.S.C.A., pertaining to the contents of briefs, provides:

"* * * If a point relates to the admission or exclusion of evidence, the statement shall quote the evidence referred to, and any objections or other equivalent action taken relative thereto, together with the rulings of the court thereon, giving the pages of the printed record on which the quotations appear.* * *"

The defendant has completely disregarded this rule in making her assertions of error with reference to the rulings upon the admissibility of evidence. To illustrate, we set out defendant's first such assignment of error which reads:

"The first and foremost error is the permitting of the hotel managers to testify to purported registrations. They first claimed that the defendant had registered and then finally admitted the registration was by others. We asked for the original records and objected to their testifying without them but to no avail. It was our idea that if we could pin the government to certain dates we could prove that the defendant was not even in the town. We had no way of anticipating what the government would bring up and could not account for every day of the defendant's life. We feel that the court should have insisted on the best evidence, the registrations themselves, so that we could answer the charge."

It is obvious that defendant has not quoted the evidence involved, nor has she set out the objection offered, nor has she set out the record reference. This required pertinent information is not given in the statement of facts or elsewhere in defendant's brief. An examination of the record with reference to this specification of error indicates that at least some of the testimony now attacked was received without objection.

The other assertions of error relative to evidence alleged to have been improperly admitted or improperly excluded are similar in form, except that in some instances there are record references.

■ This court has frequently stated that we need not consider assignments of error not stated in accordance with our rules, particularly in situations where the departure from the rules is flagrant. Hoyer v. United States, 8 Cir., 223 F.2d 134, 136; Winebrenner v. United States, 8 Cir., 147 F.2d 322, 324; Marx v. United States, 8 Cir., supra, 86 F.2d at page 251; Gray v. United States, 8 Cir., 14 F.2d 366, 368. In the Hoyer case this court states (223 F.2d at page 136):

"This is an appellate court and criminal cases are not here tried de novo and alleged errors sought here to be reviewed should be pointed out and traced to concrete rulings of the trial court in the manner provided by the rules of this court. * * *"

In Irving v. United States, 9 Cir., 53 F.2d 55, at page 56, the court says:

"Rules of practice as prescribed by the court, and as they relate to the manner in which alleged errors shall be pointed to, are intended to limit and define the particular questions to be considered by the

court, so that the merits of an appeal may be quickly arrived at and time saved in the examination of the case. These rules are plainly written and easily understood. Similar provisions respecting specifications of errors have been generally adopted by federal appellate courts. An observance of their requirements is generally enforced. * * *"

In our present case the defendant's violation of the applicable rule is flagrant. There has been no apparent attempt to comply with the rule, nor has any valid excuse been offered for failure to comply. In order to pass upon the errors asserted, we would have to spend much time searching the record. An exploration of the record has indicated in some instances that the record is inadequate to properly pass upon the objection. The defendant's brief is unique in that it does not cite a single authority in support of the contentions made. The defendant has also failed to make any adequate showing that the rulings she complains of are prejudicial.

We hold that because of defendant's flagrant failure to comply with the rule of this court, heretofore quoted, she is not entitled to a review of the court's rulings upon the evidence.

■ Under Rule 52(b) of the Federal Rules of Criminal Procedure, this court has power to notice plain error. This is a power sparingly used and exercised only when necessary to prevent a miscarriage of justice. Kreinbring v. United States, 8 Cir., 216 F.2d 671, 674; Mitchell v. United States, 8 Cir., 208 F.2d 854, 858.

■ We have examined the record and considered the defendant's asserted errors relating to rulings upon evidence. We are convinced that none of the errors asserted are of such a character as would justify us in considering them under the plain error rule.

■ In order to secure a reversal here defendant must not only prove that the trial court committed error, but must also prove that such error was prejudi-

cial. Davis v. United States, 8 Cir., 229 F.2d 181. The evidence involved in the rulings complained of did not directly bear upon the crucial issue of inducement, the determination of which issue hinged largely upon the testimony of the McCowans as opposed to that of the defendant. The jury by their verdicts obviously accepted the McCowans' version of this transaction. The jury's verdicts are supported by substantial evidence.

■ No exceptions have been preserved to the instructions nor are the instructions set out in the record. Consequently, we must assume that the jury was properly instructed. The defendant has had a fair trial.

The judgments appealed from are affirmed.