Tommy Martin **EDWARDS**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 17442.

United States Court of Appeals
Eighth Circuit.

June 25, 1964.

Thomas Hanlon, Tulsa, Okl., made argument for appellant and filed brief.

Patrick J. Foley, Asst. U. S. Atty., Minneapolis, Minn., made argument for appellee and filed brief with Miles W. Lord, U. S. Atty., Minneapolis, Minn.

Before VOGEL and MATTHES, Circuit Judges, and HARPER, District Judge.

MATTHES, Circuit Judge.

On April 24, 1963, a jury found Tommy Martin Edwards guilty of having transported from Summit, Mississippi, to Mankato, Minnesota, on or about July 5, 1961, a firearm after Edwards had been convicted of a crime of violence (assault with a dangerous weapon) in the State of Oklahoma on or about March 15, 1949.[1] Thereafter, the trial court, Judge Larson, sentenced Edwards to three years imprisonment and assessed a fine of $1,000. From this judgment, Edwards has appealed.

■ Appellant's initial point is that his "motion for acquittal at the close of the Government's case on the grounds that the evidence is insufficient to sustain a conviction" should have been granted. The fatal weakness of this assignment is that appellant, by failing to renew the motion for judgment of acquittal at the close of all of the evidence, did not preserve the question for review. So failing, appellant has foreclosed his right to have us consider the question of the sufficiency of the evidence to make a submissible case. Rule 29, Fed.R.Crim.P.; Cox v. United States, 8 Cir., 284 F.2d 704 (1960), cert. denied, 365 U.S. 863, 81 S.Ct. 831, 5 L.Ed. 825 (1961); McDonough v. United States, 8 Cir., 248 F.2d 725 (1957).

■ Neither does our careful review and consideration of the record disclose a plain error or defect affecting the substantial rights of appellant, and thereby allowing us to take cognizance of it even though not brought to the attention of the trial court. Rule 52(b), Fed.R.Crim.P. On the contrary, appellant's

1. Appellant Edwards was indicted and tried under Title 15 U.S.C.A. § 902, as it existed prior to amendment of October 3, 1961. Section 902(e) provided that it was unlawful for any person who had been convicted of a "crime of violence" to transport in interstate commerce any firearm or ammunition. "[A]ssault with a dangerous weapon, or assault with intent to commit any offense punishable by imprisonment for more than one year" was described in 15 U.S.C.A. § 901(6) as a "crime of violence."

By the October 3, 1961 amendment, § 902(e) eliminated the term "who has been convicted of a crime of violence" and substituted in lieu thereof "who has been convicted of a crime punishable by imprisonment for a term exceeding one year * * *." For legislative history and purpose of the amendment, see U.S.Code Cong. & Adm.News, 87th Cong. 1961, pp. 3067–3068.

two basic contentions in his "insufficiency of the evidence" argument are clearly without merit.[2]

A brief résumé of the facts will assist in consideration of the alleged procedural errors relied upon as a basis for reversal.

■■ The Government proved and appellant admitted that in 1949 he was convicted in the State of Oklahoma of committing an assault with a dangerous weapon. Such an assault is a crime of violence within the meaning of § 902(e). As to the second element of the offense— i. e., the transportation—the Government's evidence showed that on May 29, 1961, appellant, using the fictitious name of Clarence Hopper, and a fictitious address in Mobile, Alabama, purchased a .38 Caliber Agent Colt pistol from a hardware merchant in Summit, Mississippi. At the same time, appellant's companion, one Ray Wells, purchased a .38 Caliber Cobra pistol which was almost identical in appearance to the Colt purchased by appellant. The sales of both firearms, including the serial numbers of the weapons, were recorded by the merchant and the record of the sale to appellant was introduced in evidence. At about 3:00 o'clock a. m. on July 12, 1961, appellant was arrested in Mankato, Minnesota, and the pistol he had purchased in Summit, Mississippi, was removed from his person by the law-enforcing officers.

Appellant testified that he was a resident of Tulsa, Oklahoma, and was a dealer in used automobiles. His version of the transaction in Summit, Mississippi, coincides with the Government's evidence with one material difference. He testified that he purchased the .38 Caliber *Cobra* and that Wells purchased the .38 *Colt* which was described in the indictment. He stated that after the purchase of the weapons he and Wells remained together until they reached Jackson, Mis-

sissippi, where they separated; that pursuant to being contacted by Wells for the ostensible purpose of selling automobiles to him, appellant met Wells in Minneapolis, Minnesota, on July 11, the day prior to appellant's arrest in Mankato, Minnesota. Appellant admitted having the .38 Colt in his possession when he was arrested in Mankato, claiming that he had purchased it from Wells on the day before, asserting that Wells was in need of money and that appellant was able to buy the pistol at a bargain price.

During the trial, the Government attorney produced and had marked as an exhibit, a .45 caliber automatic weapon. Out of the hearing of the jury, the prosecutor advised the court that in addition to the .38 Colt allegedly transported, appellant also had upon his person at the time of his arrest, the .45 automatic, and contended that the latter weapon was properly admissible in evidence. After a colloquy between the Judge and the attorneys, the Judge ruled that the .45 was irrelevant to the offense being tried and not admissible in evidence. That terminated the discussion, and no further mention was made in regard to it.

But appellant contends that the presence of the .45 where it could be seen by the jury somehow caused the jury to be prejudiced against him, and that his motion for a mistrial should have been granted. We disagree. Even though the jury actually saw the weapon, we fail to comprehend how, in light of all the facts, this circumstance inflamed and prevented the jury from deciding the question of appellant's guilt or innocence on the relevant evidence and in accordance with the law.

■ Also without merit is the contention that the Government attorney engaged in making prejudicial remarks and extracting "prejudicial information" from witnesses. Appellant has ignored

---

2. *First*, appellant asserts that his 1949 conviction of assault with a dangerous weapon is not "considered" a crime of violence under Oklahoma law. Even assuming the veracity of this questionable statement, it is irrelevant—for the federal act and not Oklahoma law controls. *Second*, appellant claims that the gun he purchased in Mississippi was not the .38 Colt in his possession when he was arrested in Minnesota, but was another weapon. This was a jury question.

and failed to comply with our Rule 11(b) relating to contents of briefs, and which casts upon appellant the duty of quoting in his brief the evidence alleged to have been improperly introduced. Aside from a few brief quoted references—consisting mainly of four questions to which objections by appellant were sustained by the court, appellant merely directs us to examine various designated pages of the transcript for prejudicial remarks. We have overlooked this flagrant violation, and have combed the entire transcript in vain in search of the alleged prejudicial abuses by the Government attorney. While on a few occasions the Government attorney may have been a bit overzealous, in view of the court's action in sustaining appellant's objections—when made—to questions considered improper, the present general assignment is utterly groundless.

■ Likewise without substance is appellant's assertion that the court fell into error in failing as requested, to instruct that the "mere fact that the defendant had a fire-arm in his possession \* \* \* does not presume that the defendant transported the weapon in interstate commerce." The court's charge, which is not challenged by appellant, correctly declared the law, required the jury to find that the elements of the offense had been established beyond a reasonable doubt, and, in effect, encompassed the refused instruction.

Finally, it is contended that error resulted from permitting the Government attorney—over objection—to elicit from appellant a prior felony conviction in Minnesota which was then pending on appeal. On direct examination appellant admitted two felony convictions in 1956 or 1957 for violating Oklahoma liquor laws. Cross-examination brought forth admission of the 1949 conviction in Oklahoma for assault with a dangerous weapon, and developed that appellant had also been convicted in Michigan—many years before—for "breaking and entering." Additionally, the Government attorney informed the court out of the hearing of the jury that appellant had, subsequent to July 12, 1961, been convicted in a Minnesota state court of the crime of possession of burglary tools, that the conviction was pending on appeal in the Minnesota Supreme Court, that he felt that evidence of the conviction was properly admissible for impeachment purposes, and that he desired to interrogate appellant in that regard. After discussion, the court expressed the view that the weight of authority favored the reception of evidence of a conviction even though it was pending on appeal, and appellant's counsel took exception to the court's ruling. Thereafter, in open court, and on further cross-examination, appellant admitted the Minnesota conviction and that he had received a sentence of four years, stating—in explanation of his failure to reveal the conviction previously, "I didn't understand it was a conviction until the appeal was down. I wasn't trying to hide anything."

■ In disposing of this question we are mindful that evidence of a prior conviction is admissible only for impeachment purposes. See 58 Am.Jur., Witnesses § 734 (1962); Schwab v. United States, 8 Cir., 327 F.2d 11, 16 (1964). Such evidence is introduced as an attack upon a witness' credibility, and, of course, is not a part of the substantive case—here built most convincingly by the Government against appellant.[3]

■ Recently, in Newman v. United States, 8 Cir., 331 F.2d 968 (1964), we had occasion to review the law on the admissibility of evidence of a conviction pending on appeal, noting that a majority of the state jurisdictions support the trend in federal forums toward admitting such evidence for impeachment purposes. Without adopting an unvarying rule, under the facts in Newman, we concluded that there such evidence was clearly admissible.

---

3. Obviously, however, the 1949 Oklahoma conviction was part of the substantive case since it constituted an essential element of a § 902(e) violation—i. e., prior conviction of a crime of violence.

Here, we have again examined the relevant authorities, and while it is unnecessary to reiterate the specific holdings of the various circuits that we set forth in Newman, we do observe that deeply imbedded in most, if not all, of the decisions is the prime significance accorded to the possible prejudicial effect that admission of the pending conviction may have had upon the ultimate verdict or judgment. As in Newman, we need not here adopt an iron-clad standard concerning the admissibility of a conviction pending on appeal. For we are convinced that the admission of the pending state conviction, *under these facts and circumstances,* had no prejudicial effect upon appellant's rights and did not deprive him of a fair trial.

The Government's substantive case against appellant was strong. As to credibility, appellant had admitted four previous convictions and—after questioning on cross-examination—readily pointed out that the Minnesota state conviction was pending on appeal. Under these circumstances what we said in Schwab v. United States, supra, 327 F.2d at 17—a case involving an issue in a related area —is apropos here:

> "We are fully satisfied, under all the circumstances here, that no improper prejudice to the defendant could possibly have resulted from the prosecution's questioning. Four felony convictions were definitely * * admitted. * * * The questions [as to two other unproved convictions] were aimed at material which at worst was nothing more than cumulative. * * * There is no intimation of bad faith on the part of the prosecution. * * * This defendant is not free of past crime. His adroit testimony shows he is not dull or ignorant. He has a substantial list of admitted felony convictions. Bringing these out constituted a vigorous, allowable, and, no doubt, telling attack on his credibility. The additional inquiries certainly added nothing by way of dramatic adverse impact. We are

able to say with conviction that they did not sway or influence this jury and we ignore reality if we were to hold that the supplemental questions constituted reversible error."

Appellant's motion for a new trial was predicated on the contentions of error relied upon here for reversal. The trial judge, after consideration, concluded that no prejudice resulted. We are of the same opinion. Accordingly, the judgment of conviction is

Affirmed.