**UNITED STATES of America, Appellee,**

v.

**Robert P. SHELEY, Appellant.**

**No. 71–1038.**

United States Court of Appeals, Ninth Circuit.

Aug. 18, 1971.

Leslie Kast (argued), West Covina, Cal., for appellant.

John M. Newman, Asst. U. S. Atty. (argued), Robert L. Meyer, U. S. Atty., Darrell MacIntyre, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before HAMLEY, BROWNING and KILKENNY, Circuit Judges.

KILKENNY, Circuit Judge:

Appellant was indicted, tried by a jury and convicted of a violation of 18 U.S.C. § 111, assaulting a federal officer.

## MOTION TO SUPPRESS

■■ The assault occurred during a shoot-out with FBI agents who were attempting to arrest appellant at his residence on a warrant charging him with unlawful flight to avoid prosecution. Appellant first contends that the agents' entry into his residence through an unlocked door was illegal, despite their possession of an arrest warrant. He then argues that the agents' testimony with reference to certain government exhibits was tainted by the illegal entry and should have been suppressed. No motion to suppress was made prior to or during the course of the trial, nor was any objection made to the testimony or the exhibits when offered in evidence. The failure to object prevents consideration of the issue on appeal unless we can say, in the exercise of our sound discretion, that "plain error" exists. Davis v. United States, 425 F.2d 673, 674 (9th Cir. 1970); Marshall v. United States, 409 F.2d 925, 927 (9th Cir. 1969). The "plain error" rule should be invoked only in exceptional cases where it appears that the invocation of the rule is necessary in order to prevent a miscarriage of justice or to preserve the integrity and reputation of the judicial process. The record before us cannot be so classified.

## CONTINUANCE

■ At the commencement of the trial, appellant contended that he was not prepared and should be granted a continuance. His attorney was of the opposite view and represented to the court that he was fully prepared. On this record, we find no abuse of discretion. McConney v. United States, 421 F. 2d 248, 250 (9th Cir. 1969), cert. denied 400 U.S. 821, 91 S.Ct. 39, 27 L.Ed.2d 49 (1970), rehearing denied 400 U.S. 961, 91 S.Ct. 351, 27 L.Ed.2d 270 (1970).

## SUFFICIENCY OF EVIDENCE

Viewing the evidence in the light most favorable to the government, Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942); United States v. Knight, 416 F.2d 1181 (9th Cir. 1969); Diaz-Rosendo v. United States, 357 F.2d 124, 129 (9th Cir. 1966), cert. denied 385 U.S. 856, 87 S.Ct. 104, 17 L. Ed.2d 83 (1966), we hold that the evidence is sufficient to sustain the conviction. After entering the house, the agents identified themselves and announced their purpose in a loud tone of voice. At this time, appellant was in a bedroom, the door of which was open, located approximately 21 feet from where the agents issued their proclamation. Although the jury could have gone either way, there is ample evidence to support the finding that appellant knew the agents were not mere intruders, but were law enforcement officers.

## OTHER CONTENTIONS

■ Appellant argues that he was denied due process, a fair trial, the right to confrontation and/or the right to counsel by reason of the trial court's denial of his request to draw his own depiction of the floor plan of the residence in which the assault occurred. His concession at the time of trial that the over-all location of the rooms in the sketch which was received in evidence was roughly correct, destroys his present contention that he should have been permitted to draw another sketch. Beyond that no objection was made to the court's ruling.

During the course of the trial, appellant offered to prove other incidents which might have given rise to a justifiable fear of intruders, other than police. On appellant's subsequent examination, he was allowed to testify that he had been shot at "several times" by persons other than police and that he had been wounded on three of those occasions. He further testified that he had a fear of particular individuals, other than police officers, and that while in prison he had made many enemies, including Mickey Cohen, from whom he expected retaliation. The error, if any, in the exclusion of the offer was rendered harmless by appellant's subsequent testimony.

Judgment affirmed.