**STATE of Missouri, Respondent,**

v.

**Bobby Lee WILLIAMS, Appellant.**

No. 56222.

Supreme Court of Missouri,
Division No. 1.

June 12, 1972.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

Richard E. Snider, Cape Girardeau, for appellant.

SMITH, Special Judge.

Defendant was convicted by a jury of carrying a concealed weapon, a .38 caliber pistol, and upon inability of the jury to

1

agree on punishment, was sentenced by the court to one year imprisonment in the county jail. Defendant appeals.

His initial contention is that the court erred in not sustaining his motion for directed verdict of acquittal at the close of the case. We agree. That defendant had a pistol within his easy reach is not disputed. Whether it was concealed and whether defendant intended to conceal it were the contested issues.

Defendant, with a passenger in his car, was stopped by a member of the Cape Girardeau police department for having no state license plate on his car. Although the police officer, Carbaugh, was accompanied by a reserve officer the only evidence presented by the state going to the contested issues was by Carbaugh, with one possible exception. The reserve officer, Gunn, and Carbaugh, testified that as they approached the defendant's vehicle he made some type of movement which they seemed to interpret as if he were taking something from his pocket and placing it on the console between the bucket seats in the front of the car.[1] We are unable to see what value this evidence has as no contention was made in the trial court or here that the weapon was concealed in defendant's pocket.

This occurrence took place at 5:30 p. m. on November 21, 1969. It was dark at the time although there was some artificial lighting in the area. Officer Carbaugh said it was insufficient to illuminate the interior of the car. After Carbaugh approached the vehicle on the driver's side he examined defendant's driver's license and told him about the absence of a state license plate and city license. Defendant reached into the back of the car and produced a state license. As defendant reached back Officer Carbaugh saw a shotgun (broken down) lying in plain view on the back seat of the car, along with some shotgun shells and .38 caliber shells sitting on the floor. He then took defendant to his police car and returned to defendant's car, again on the driver's side. Officer Carbaugh shined his flashlight into the front seat of the car, at which time the passenger moved his leg and his books and Officer Carbaugh saw the butt, hammer and trigger of the .38 caliber pistol on the console between the seats. The gun was not loaded and was holstered.

Officer Carbaugh's testimony as to what prevented him from seeing the weapon was considerably confused. At various times he indicated it was the passenger's leg, his books, and the darkness. At one point he indicated the weapon was partially wedged between the console and seat and at another was lying on the top of the console. It is clear from the officer's testimony that when the passenger made a movement of his leg the weapon was in plain sight.

There was no evidence that when the officer first approached the vehicle that the weapon was in any different location than upon his second trip to the car. There was no evidence that the passenger and defendant had in any way agreed or conspired for the passenger to hide the pistol with his leg. Both defendant and his passenger testified the gun was placed in plain sight on the console upon entry into the car and remained there throughout the trip.

■ Under these facts we find the evidence insufficient to support the conviction. First of all, it is questionable that the testimony of Officer Carbaugh could provide a basis for the jury verdict because of its contradictory nature which was basically unexplained.

"Where a party relies on the testimony of a single witness to prove a given issue, and the testimony of such witness is contradictory and conflicting, one version thereof tending to prove the issue, the other tending to disprove it, with no explanation of the contradiction, and no other fact or circumstance in the case tending to

---

1. Defendant stated the movement was that required to manually shift his car after stopping.

show which version of the evidence is true, no case is made, and the jury should not be permitted to speculate or guess which statement of the witness should be accepted." Adelsberger v. Sheehy, 332 Mo. 954, 59 S.W.2d 644, l. c. 647; Stephens v. Thompson, Mo., 293 S.W.2d 392; Grissom v. Handley, Mo.App., 410 S.W.2d 681.

But even ignoring the inconsistencies in Carbaugh's testimony it appears that the weapon was in plain sight following the movement of the passenger's leg. The fact that the *passenger* may have intentionally or unintentionally hidden the weapon from view of Carbaugh does not establish that *defendant* concealed the pistol. This is particularly true when it appears that at the time of the purported concealment defendant was not even present in the vehicle and there is no evidence of agreement between the defendant and passenger to hide the weapon nor any showing that defendant knew the weapon was concealed by the passenger.

The state advances the contention that darkness furnishes the necessary concealment in this case. The question of concealment is determined by whether the weapon is "discernible by ordinary observation." State v. Tate, Mo., 416 S.W.2d 103; State v. Bordeaux, Mo., 337 S.W.2d 47. There are situations in which darkness may be a factor in determining whether the weapon was discernible by ordinary observation. See State v. Renard, Mo., 273 S.W. 1057, where the weapon was on the floor of the vehicle at the defendant's feet in the dark. It is questionable in that case that the weapon was readily discernible even in the absence of darkness.

Here the evidence fails to warrant a finding that the weapon was not discernible by ordinary observation because of the darkness. Officer Carbaugh's testimony was that it was the movement of the passenger's leg which allowed him to see the pistol, and that he could not have seen the weapon in the daylight. Although darkness may have played some part in his fail-ure to see it before, it is clear that he could see the weapon when the leg was moved. There was insufficient evidence in this case upon which to base the conviction.

Judgment is reversed and the defendant is ordered discharged.

HOLMAN, P. J., and SEILER, J., concur.

BARDGETT, J., not sitting.