**UNITED STATES of America,
Appellee,**

v.

**Bobby Lee WILLIAMS, Appellant.**

**No. 73-1014.**

United States Court of Appeals,
Eighth Circuit.

Submitted June 14, 1973.

Decided Aug. 16, 1973.

Daniel P. Reardon, Jr., St. Louis, Mo., for appellant.

John A. Newton, St. Louis, Mo., for appellee.

Before VAN OOSTERHOUT and MATTHES, Senior Circuit Judges, and ROSS, Circuit Judge.

ROSS, Circuit Judge.

This is an appeal from the conviction of Bobby Lee Williams for making a false statement on an application to purchase a firearm in violation of 18 U.S.C. §§ 922(a)(6) and 924(a). We reverse and remand for a new trial.

On or about September 17, 1970, Williams was convicted in Missouri State Court of carrying a concealed weapon. On October 21, 1970, he was sentenced to one year in county jail on said conviction although under Missouri law the crime charged was a felony and the sentence could have exceeded one year. Williams appealed the conviction to the Missouri Supreme Court.

On May 25, 1971, Williams signed the firearms transaction form in question which indicated that Williams answered "no" to a question as to whether or not he had theretofore been convicted "of a crime punishable by imprisonment for a term exceeding one year?" In this trial Williams claimed he told the salesman that he "had been convicted here in Cape Girardeau, Missouri, and I was sentenced to one year . . . and the case was being appealed . . ." The salesman denied that Williams had said anything at all about the previous conviction.

On November 1, 1971, a federal jury convicted Williams of making a false statement as charged by the aforesaid federal indictment and Williams was sentenced to a five-year term. The conviction was appealed to this Court. We reversed the conviction and remanded for a new trial on the grounds that prejudicial error occurred when the United States Attorney questioned a witness about taking the fifth amendment before the grand jury. United States v. Williams, 464 F.2d 927 (8th Cir. 1972).

On June 12, 1972, the Missouri Supreme Court reversed Williams' earlier state court conviction of carrying a concealed weapon and ordered that Williams be discharged. State of Missouri v. Williams, 481 S.W.2d 1, 3 (Mo.1972).

On November 8, 1972, Williams was retried in federal court on the indictment charging a false statement made in the purchase of a firearm, and on November 9, 1972, he was again found guilty. This appeal was then taken.

Immediately prior to this last trial, in a conference in the chambers of the trial court, the attorneys and the trial court discussed the question of whether or not evidence could be received concerning the state court conviction, and if so, whether or not the reversal of that conviction by the Missouri Supreme Court could be shown by Williams. The trial court determined that the state court conviction could be shown by the Government but that the reversal of that conviction by the Missouri Supreme Court on appeal could not be shown by Williams. The trial court permitted an offer of proof of the reversal in the form of a certified copy of the judgment of the Missouri Supreme Court, but sustained the Government's objection thereto on the grounds that it was irrelevant and ordered the attorneys not to mention or refer to the reversal of the conviction during trial.

Counsel for Williams claimed that the reversal should be admitted for two reasons: First, he claimed that since a prior conviction of a felony was an essential element of the crime charged, that the reversal of the state court conviction required a dismissal of the false statement indictment. Secondly, he claimed that it was prejudicial from an evidentiary standpoint "in branding this man as a convict when he isn't in fact one—". Williams' counsel did not specifically refer to the question of the effect of showing the conviction on the credibility of Williams as a witness and

did not raise that specific question in his brief. He did raise it in this Court on oral argument.

At the trial, as indicated heretofore, there was a direct conflict between the testimony of the salesman and Williams, thereby directly placing the credibility of Williams as a witness in question. Indeed the trial court indicated that "[t]he only question in this case is whether or not this jury is going to believe he lied about his conviction . . . ."

■ We turn first to Williams' assertion that the trial court erred in permitting the Government to allege and prove the prior state court conviction after the conviction had been reversed by the Missouri Supreme Court. The Ninth Circuit has considered this argument and rejected it in a well-reasoned opinion in United States v. Liles, 432 F.2d 18 (9th Cir. 1970). In that case the prior conviction of Liles had been reversed just before his trial on the federal false statement charge, but the word of the reversal did not reach Liles until after he had been tried and convicted of the federal charge. Post trial motions for a new trial were overruled. The Ninth Circuit held that Title VII of the Omnibus Crime Control and Safe Streets Act of 1968 "speaks only of conviction of a felony. It contains no requirement that the conviction be finally upheld on appeal." *Id.* at 20. It specifically held that Liles' possession of a gun "was unlawful for one of his status at the time he possessed it. It is not made lawful by the subsequent reversal of his conviction." *Id.* at 21. We agree with the rationale of this holding and apply it to this case. *See also* DePugh v. United States, 393 F.2d 367 (8th Cir. 1968).

■ The introduction of the prior state court conviction had the dual effect of showing an essential element of the crime of making the false statement, and also tending to impeach the credibility of Williams as a witness. Having already held that the conviction was admissible to show an essential element of

the crime, the sole remaining question is whether or not the fact of the reversal of the conviction should have been admitted, under proper instructions, to mitigate the damage thus done to Williams' credibility as a witness. We conclude that it should have been admitted for that limited purpose.

In his direct examination Williams stated that he had advised the salesman that he had not served any time on the state court sentence "because the case was being appealed . . . ." Following the trial court's instructions, he did not refer to the reversal of the conviction. On cross-examination the Government attorney asked Williams at least four questions about his testimony concerning his conversation with the salesman about the appeal. This was an obvious effort to impeach his testimony by pointing up the fact that during his first trial on the false statement charge, Williams did not testify that he told the salesman about the appeal. The effect of this testimony is speculative, but certainly the jury must have wondered about the outcome of the appeal, and it could have concluded that the failure of Williams to mention the outcome was indicative that the conviction had been affirmed.

■ It is well settled that in a trial a witness' acts of misconduct are not admissible to impeach his credibility unless the acts resulted in the obtaining of a conviction. Michelson v. United States, 335 U.S. 469, 482, 69 S.Ct. 213, 93 L.Ed. 168 (1948). When that witness is the defendant in a criminal trial, we have held the same rule applicable. Schwab v. United States, 327 F.2d 11, 16 (8th Cir. 1964).

We have been unable to locate cases which articulate the impeaching effect of an already reversed conviction. However, the result we reach is suggested by a line of cases dealing with the use for impeachment purposes of a conviction pending on appeal.

A review of the authorities in this area discloses that the Seventh Circuit

was one of the first to address this particular question. In United States v. Empire Packing Co., 174 F.2d 16, 20 (7th Cir.), cert. denied, 337 U.S. 959, 69 S.Ct. 1534, 93 L.Ed. 1758 (1949), the court held that the fact that the defendant's conviction was pending on appeal, as brought out in the trial court, did not render the inquiry about the conviction on cross-examination improper. In so ruling, the court said:

". . . Unless and until the judgment of the trial court is reversed, the defendant stands convicted and may properly be questioned regarding said conviction solely for the purpose of testing credibility."

Although generally cited for the proposition that the defendant's credibility may be impugned by a conviction even though an appeal is pending, the passage suggests that after reversal, the trial court judgment cannot be used at all for the impeachment.

The Ninth Circuit has repeatedly held that until the judgment of the lower court is reversed, a conviction will stand and the defendant may be questioned regarding the conviction for purposes of impeachment. United States v. Allen, 457 F.2d 1361, 1363 (9th Cir. 1972); United States v. Griffin, 434 F.2d 978 (9th Cir. 1970), cert. denied sub nom. Andrews v. United States, 402 U.S. 995, 91 S.Ct. 2170, 29 L.Ed.2d 160 (1971); Bloch v. United States, 226 F.2d 185 (9th Cir. 1955), cert. denied, 350 U.S. 948, 76 S.Ct. 323, 100 L.Ed. 826 (1956). It has also held that where a conviction was found on the previous day, a question upon prior conviction was proper even though the judgment of conviction was not entered until later. United States v. Canaday, 466 F.2d 1191, 1193 (9th Cir. 1972).

The Seventh and Ninth Circuits follow the most restrictive view of the treatment of the situation involving a conviction pending on appeal. As is evident, even that view supports the result in this case that a *reversed* conviction may not be used for impeachment with-

out at least showing the reversal. Other circuits, although they have not addressed the instant circumstances, espouse a view of the use for impeachment purposes of convictions pending on appeal, that would indicate even more clearly that the already reversed conviction may not be used. In Campbell v. United States, 85 U.S.App.D.C. 133, 176 F.2d 45, 47 (1949) the District of Columbia Circuit Court stated:

"[I]t seems to us wholly illogical and unfair to permit a defendant to be interrogated about a previous conviction from which an appeal is pending. If the judgment of conviction is later reversed, the defendant has suffered, unjustly and irreparably, the prejudice, if any, caused by the disclosure of the former conviction. . . ."

The Court held, however, that the error was not prejudicial. *See also* Fenwick v. United States, 102 U.S.App.D.C. 26, 252 F.2d 124 (1958); Beasley v. United States, 94 U.S.App.D:C. 406, 218 F.2d 366 (1954), cert. denied, 349 U.S. 907, 75 S.Ct. 584, 99 L.Ed. 1243 (1955).

More recently, this reasoning has been adopted by the Second Circuit relating to the impeaching effect of a guilty plea before a sentence has been imposed. United States v. Semensohn, 421 F.2d 1206, 1208 (2d Cir. 1970).

A middleground on the theory is that advanced by the Fifth Circuit. In United States v. Franicevich, 471 F.2d 427, 429 (5th Cir. 1973), the court held that while a judgment of conviction is not held in suspension pending the outcome of an appeal, the better rule is that a prior conviction, yet unreversed, may be explained to the extent of showing that the conviction is pending on appeal and the jury may then give it such weight as it wishes.

The Eighth Circuit has never clearly delineated its position on the general question of admissibility on cross-examination of a prior conviction then pending on appeal, but the split of authorities in the federal courts on the point was recognized and discussed by this

Court in Newman v. United States, 331 F.2d 968, 973 (8th Cir. 1964), cert. denied, 379 U.S. 975, 85 S.Ct. 672, 13 L. Ed.2d 566 (1965).

Again in Edwards v. United States, 333 F.2d 588 (8th Cir. 1964), without espousing which line of authorities the circuit was following, the Court noted that:

". . . deeply embedded in most, if not all, of the decisions is the prime significance accorded to the possible prejudicial effect that admission of the pending conviction may have had upon the ultimate verdict . . ." *Id.* at 592.

That case was decided on the basis that the admission of the evidence had no prejudicial effect on Edwards' rights and did not deprive him of a fair trial.

Most recently, in Drummond v. United States, 350 F.2d 983 (8th Cir. 1965), cert. denied sub nom. Castaldi v. United States, 384 U.S. 944, 86 S.Ct. 1469, 16 L.Ed.2d 542 (1966), the question of the propriety of permitting cross-examination of a testifying defendant with respect to a conviction pending on appeal was again faced by this Court. Again, the Court found that no prejudicial error existed. After a question was asked of the defendant on cross-examination about a prior felony, a bench conference took place and the question was left unanswered. It was later revealed that the defendant had been convicted of a felony but that the appellate court had reversed and ordered the defendant discharged. The reversal took place after the federal conviction which was the subject of the reported appeal. The Court determined that under the circumstances, no prejudicial error had been found:

". . . It would have been better had the question not been asked. But, although asked, it was not answered and no further comment about the conviction was made by anyone before the jury. [The defendant] had conceded another state conviction in a recent year. . . . " *Id.* at 991.

Many of the foregoing cases, though not dealing with the precise question at hand, speak in terms of the use of convictions which are being appealed, as being admissible for impeachment purposes only "unless and until" it is later reversed on appeal. The logical implication of those cases is that the evidence is not admissible where the conviction has already been reversed prior to trial. This is especially true where, as in the cases decided heretofore in this circuit, emphasis is placed on whether or not the defendant was thereby prejudiced.

In this case the state court conviction in question was the *only* conviction on the record of Williams; this conviction, later reversed, was for carrying a concealed weapon, a charge somewhat related to this charge of a false statement in the purchase of a firearm; the reversal of the state court conviction did not require a new trial but ordered that Williams be "discharged"; there was a direct conflict in the testimony of the sales person and Williams on the only factual question in the case; and the Assistant United States Attorney conceded on oral argument that if there was error, it was prejudicial error. Considering all of these factors, and limiting our holding to the precise factual situation of this case, we conclude that the effect of refusing to allow Williams to show the reversal of the prior conviction was prejudicial error requiring a new trial.

■ Although Williams' counsel did not raise the credibility issue directly, he did object to the refusal to admit the evidence showing the reversal on the ground that it had the effect of "branding this man as a convict when he isn't in fact one—". Under Rule 52(b) of the Federal Rules of Criminal Procedure, plain errors which affect substantial rights of the defendant may be noticed even though they are not brought to the attention of the court. Whether we consider this to be an objection relating to credibility albeit inartfully worded, or plain error under Rule 52(b), in

our opinion it had the effect of depriving Williams of a fair trial and should not be disposed of on the technical basis of counsel's failure to properly specify the reason for the objection. *See* United States v. Semensohn, *supra,* 421 F.2d at 1210.

Reversed and remanded for retrial in conformity with the views expressed in this opinion.

MATTHES, Senior Circuit Judge (dissenting).

I have no difficulty with that part of the majority opinion holding that a defendant can be convicted for making a false statement regarding his status as a felon on an application to purchase a firearm, despite the subsequent reversal of his sole felony conviction. However, I disagree with the determination that reversal of appellant's conviction is necessary because the appellant was not allowed to introduce evidence of the reversal of his state felony conviction on the issue of credibility.

There are basic principles of law which must be considered and should be applied in this case in resolving the evidentiary matter. We should refrain from reviewing an issue not raised by objection during the trial, but which is presented for the first time at oral argument on appeal. This principle has been recognized by this and other courts in many cases. Thus, in McNeely v. United States, 353 F.2d 913, 917 (8th Cir. 1965), Judge Gibson, in speaking for the court, stated:

"It is an axiom of trial procedure that counsel must take the initiative in protecting the rights of his clients. The cases are too numerous to cite which hold that to preserve for review any acts or omissions of a trial court the party must make 'known to the court the action he desires the court to take or his objection to the action of the court and the grounds therefor;
. . .' Rule 51, Fed.R.Crim.P. A party may not stand idly by, watching the proceedings and allowing the

Court to commit error of which he subsequently complains. Thomas v. United States, 287 F.2d 527 (5 Cir. 1961)."

In United States v. Mitchell, 463, F.2d 187, 192 (8th Cir. 1972), cert. denied, 410 U.S. 969, 93 S.Ct. 1449, 35 L.Ed.2d 705 (1973), we stated: "It should be noted first that Mitchell did not properly raise this particular point in his brief, and we are not disposed to have theories raised for the first time during oral argument." See also Thomas v. United States, 287 F.2d 527 (5th Cir. 1961). The rationale for the rule is obvious. The trial judge should not be faulted for commission of prejudicial error where a party does not afford the judge an opportunity to correct the situation of which he subsequently complains.

This case is a typical one for adhering to the rule above stated. During the colloquy between the judge, the Assistant United States Attorney, and the attorney representing appellant, the court, after denying appellant's oral motion for dismissal, requested counsel for appellant to state his position on the evidentiary aspect of the reversal of the felony conviction. Counsel's response in no way indicated that he deemed the evidence admissible on the issue of credibility.

Furthermore, appellant's brief did not submit the credibility issue. Only one point was submitted in the brief, which was to the effect that the court erred in permitting the government to allege and prove a prior felony conviction when the conviction had been reversed, and in denying appellant the right to prove his acquittal on the state charge "all in violation of due process of law." The credibility question made its appearance for the first time at oral argument. As I understand Rule 51, Fed.R.Crim.P., and the cases interpreting that rule, appellant's claim of error came too late.

The majority opinion recognizes that appellant's counsel did not raise the credibility issue directly, but then pro-

ceeds to consider the issue as "plain error" under Rule 52(b), Fed.R.Crim.P., which, of course, requires no initial objection in the trial court. But, in so holding, the majority runs counter to what this court has consistently held, that is, that the "plain error" rule is to be invoked cautiously and sparingly, only in exceptional cases, to prevent a clear miscarriage of justice. United States v. Reed, 446 F.2d 1226 (8th Cir. 1971); United States v. Cable, 446 F.2d 1007 (8th Cir. 1971); McNeely v. United States, 353 F.2d 913 (8th Cir. 1965); Black v. United States, 309 F.2d 331 (8th Cir. 1962); Bell v. United States, 251 F.2d 490 (8th Cir. 1958). Also see, e. g., United States v. Sheley, 447 F.2d 455 (9th Cir. 1971), cert. denied, 405 U. S. 1022, 92 S.Ct. 698, 30 L.Ed.2d 672 (1972); United States v. Flanagan, 445 F.2d 263 (5th Cir. 1971), cert. denied, 404 U.S. 1060, 92 S.Ct. 741, 30 L.Ed.2d 748 (1972).

Moreover, having failed to object below to the action of the trial court excluding the evidence, the burden is upon the appellant to demonstrate that the exclusion was so "palpably flagrant" as to affect his substantial rights and constitute "plain error" under Rule 52(b), Fed.R.Crim.P. United States v. Flanagan, *supra* at 265. See also McNeely v. United States, *supra* at 917 of 353 F.2d. Viewed objectively, this record does not convince me that exceptional circumstances exist which require the application of the "plain error" rule.

There is nothing to indicate that the government attempted to exploit before the jury the exclusion of the reversal in order to destroy the appellant's credibility. Additionally, the court did not instruct the jury that the prior conviction of the appellant could be considered in determining his credibility. Rather, the appellant's credibility was substantially weakened by his own conflicting testimony at the two trials concerning what he had said to the gun salesman.

This record convinces me that the evidence of guilt was strong. The appellant's credibility was weak, even with the awareness that the state felony conviction had been overturned. Moreover, the majority overlooks the practically uncontroverted showing by the government that the appellant had made yet a second false statement to the gun salesman, concerning his current address. An adequate showing of this second false statement alone would warrant a conviction under the federal statute.

Mr. Justice Frankfurter, concurring in Johnson v. United States, 318 U.S. 189, at 202, 63 S.Ct. 549, at 555, 87 L. Ed. 704 (1943), stated:

"In reviewing criminal cases, it is particularly important for appellate courts to re-live the whole trial imaginatively and not to extract from episodes in isolation abstract questions of evidence and procedure. To turn a criminal appeal into a quest for error no more promotes the ends of justice than to acquiesce in low standards of criminal prosecution."

In conclusion, I am not persuaded to believe that the error, if any, was prejudicial, and I am opposed to sending the case back to the trial court for yet another trial.