STATE of Missouri, Respondent,

v.

James Richard BLACK, Appellant.

No. WD 31564.

Missouri Court of Appeals,
Western District.

June 23, 1981.

Cenobio Lozano, Harrisonville, for appellant.

John Ashcroft, Atty. Gen., Paul R. Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before KENNEDY, P. J., and SHANGLER and SOMERVILLE, JJ.

SHANGLER, Judge.

The defendant appeals a conviction for carrying a concealed weapon and the sentence of one year in the county jail imposed. § 571.115, RSMo 1978. The appeal contends two errors: that the court admitted evidence of a crime separate from the offense under prosecution, and that the demonstration by a witness as to how the weapon was concealed was prejudicial.

The site of the criminal conduct was a carnival area sequestered within the city of Rich Hill for the Fourth of July celebration. In the midst of the crowd, the witness Ruth Black in the company of her mother encountered the defendant, her estranged husband. That was about seven o'clock that evening. The defendant raised his T-shirt and disclosed a handgun tucked under the belt buckle. He pulled the shirt down then, and the pistol was no longer visible to her. The witness, after some ten minutes, found a police officer and reported the incident. A county deputy sheriff within minutes came in touch with witness Ruth Black and within minutes placed the defendant in arrest. The deputy was joined by the city Police Chief Bear and they moved the defendant away from the crowd and were then met by Sheriff Hough. The sheriff detected a round bulge at the bottom of the back pocket and removed a .22 calibre revolver from the right hip pocket of the defendant. In the course of that testimony, the sheriff was asked how the revolver "was contained in the pocket of [the defendant] at the time just prior to removal." The witness demonstrated that the weapon as placed in his pocket was totally concealed from view. The search by Sheriff Hough was accomplished at about seven-thirty p. m. Thus, according to the prosecution evidence the time lapse between the original glimpse of the covert pistol by the witness wife and the seizure of the weapon by Hough was some thirty minutes.

The defense evidence was different. Witness Nancy Jo Lague testified that at about seven p. m. that evening the defendant came up to her in the carnival midway to ask whether she had seen his wife. At that moment the deputy and police chief accosted the defendant. The deputy arrested him and the police chief then ordered the defendant: "Give me the knife, Richard." The defendant removed a knife from a pocket and handed the instrument to the officer. The deputy then manacled him. The witness described his apparel as a pair of levis and a T-shirt. The defendant was removed from the area by the officers, and as they walked away, witness Lague saw that a gun protruded from the back pocket of the defendant. The defendant was taken to the edge of the carnival area where Sheriff Hough met them. The lapse of time between the arrest by the officers and the arrival of the sheriff, according to the witness, was about fifteen minutes.

The statute punishes a person who "carr[ies] concealed upon or about his person a dangerous or deadly weapon of any kind or description." § 571.115, RSMo 1978. The test for concealment is whether the weapon is discernible by ordinary observation. *State v. Williams*, 481 S.W.2d 1, 3[2, 3] (Mo.1972). The defendant does not argue that the prosecution evidence was not sufficient to prove a charge under the statute. Rather, the defendant contends that he was on trial for the concealment of a pistol in a pocket so that the testimony of the wife of a pistol concealed behind the belt buckle under the shirt proved a crime of concealment separate from the offense charged, to his prejudice. That argument assumes that the evidence shows multiple concealments and so multiple offenses. We need not determine whether the momentary exposure of the weapon to a selected person—as shown by the prosecution evidence—interrupts a course of concealment.[1] The conduct of the defendant, even if

---

1. Our law considers that "a weapon is not concealed simply because it is not discernible from a single vantage point if it is clearly discernible from other positions. *It may be concealed however, where it is discernible only* *from one particular vantage point."* [emphasis added] *State v. Gibbs*, 600 S.W.2d 594, 597[1] (Mo.App.1980); *State v. Cavin*, 555 S.W.2d 653, 654[1, 2] (Mo.App.1977).

equivalent to separate offenses, was relevant to prove the intent to conceal, an element of proof contradicted by the defense testimony that the handle of the weapon was visible from the pocket of the defendant. *State v. Jones*, 523 S.W.2d 152, 155[8, 9] (Mo.App.1975). Thus, the evidence of one tended to prove the other and was admissible under that exception to the usual rule the defendant invokes. *State v. Reese*, 364 Mo. 1221, 274 S.W.2d 304, 307 (banc 1954). The evidence, by any realistic view, described a common and continuous scheme of conduct so concatenated that the proof that the defendant deliberately exhibited and then re-covered the weapon was admissible to show the basis for the arrest of the defendant and the seizure of the pistol as a concealed weapon. *State v. Byrne*, 595 S.W.2d 301, 308[8, 9] (Mo.App.1980).

▆▆ The defendant argues cognately that the uncertainty as to the crime proved merely reflects the uncertainty of the crime charged that only one concealment was charged but two more proved so that the defendant remains vulnerable to a subsequent prosecution for the same conduct upon which the conviction rests. Again, we do not accede to the assumption that the evidence proves more than a single crime of concealment.[2] The information charged the offense against the defendant in the essential words of the statute. Such a formulation suffices as a valid charge of the offense under § 571.115. *State v. Renard*, 273 S.W. 1057[1] (Mo.1925); *State v. Jackson*, 283 Mo. 18, 222 S.W. 746 (1920). The cases the defendant cites do not bear relevantly on the contention. The remedy to dispel any lingered uncertainty was by a bill of particulars under Rule 23.04. The contention is denied.

▆▆ It was the testimony of Sheriff Hough that he removed the pistol in evidence from the back trouser pocket of the defendant. The prosecutor asked the witness to show how the weapon was located in the pocket of the defendant by a demonstration with his own pocket. The demonstration was allowed over the objection that the characteristics of the pocket worn by the defendant at the time were not shown. The error contended is that the jury was led to believe that because the pistol as placed in the pocket of the demonstrator concealed the weapon, so was the pistol as placed in the pocket of the defendant concealed from view. There was no evidence of the comparable dimension of the pockets, nor any descriptions of the trousers—except that the pistol was taken from the levis the defendant then wore. A model, cast or reproduction of an object not otherwise available is admissible if the facsimile fairly represents the object. *State v. McLain*, 404 S.W.2d 186, 190[5–8] (Mo.1966). The admissibility of the evidence depends upon the relevancy to a material issue, and—as in other cases of exhibits—rests within the discretion of the trial court. *State v. Lee*, 549 S.W.2d 934, 939[3] (Mo.App.1977). The precondition for admissibility, however, is that "the reproduction, or model, fairly represents the conditions which it is offered to show." *State v. McLain*, supra, l. c. 191. The fairness of the demonstration evidence is a preliminary determination by the court. The probative value—and hence admissibility—of the demonstration is shown by evidence of similarity between the reproduction [the trouser pocket of the sheriff] and the condition the facsimile is offered to show [the trouser pocket of the defendant]. That preliminary evidence was not tendered, so the demonstration procedure was erroneous. *State v. Davis*, 527 S.W.2d 724, 726[3, 4] (Mo.App.1975). The question remains nevertheless whether the probative effect of the demonstration outweighed the prejudicial effect of that evidence. In that

---

2. The gist of offense under § 571.115 is conscious concealment. *State v. Holbert*, 416 S.W.2d 129, 132[7] (Mo.1967); *State v. Gibson*, 322 Mo. 369, 15 S.W.2d 760, 761 (banc 1929). It is a weapon *discernible by ordinary observation* that is not concealed. *State v. Williams*, 481 S.W.2d 1, 3[2, 3] (Mo.1972). ˙ The best

effect of the prosecution evidence was that the pistol in the belt buckle was displayed only to the wife. There may be doubt that the episode of a momentary and deliberate exhibition of the pistol to a solitary person for a selected purpose rendered an otherwise concealed weapon an object discernible by ordinary observation.

assessment, we accord a deference to the vantage point of the trial court. *State v. Love*, 546 S.W.2d 441, 452[12, 13] (Mo.App. 1977).

The pistol was before the jury as an exhibit in evidence. There was testimony both by the prosecution and by the defense that the defendant wore tight levis at the time the contour of the pistol was detected in the back pocket and the weapon removed from that enclosure. Thus, there was independent evidence that the trouser pocket of the defendant, although of a kind different from the trouser pocket the sheriff used for the demonstration, was of a sufficient capacity to envelop the pistol and conceal the weapon from ordinary observation. The demonstration evidence of the sheriff did not deceive or mislead; rather it was corroborative of other testimony of a weapon concealed in the pocket of the defendant and so probative of that issue. *State v. McLain*, supra, l. c. 190[5–8].

The judgment is affirmed.

All concur.